IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY HARMS,

    Petitioner,

vs.                                       Case No. 4:12cv324-WS/CAS

KENNETH S. TUCKER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner Timothy Harms has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. Docs. 1 and 3. Petitioner is currently incarcerated at Wakulla Work Camp. Doc. 1. Petitioner challenges the judgment of the Fifth Judicial Circuit Court in Lake County, Florida. Id.

The district of conviction and the district of confinement have concurrent jurisdiction to hear a § 2254 petition. 28 U.S.C. § 2241(d). In this case, because the district of conviction appears to be the most convenient and appropriate venue, the petition should be transferred to the United States District Court for the Middle District of Florida, Ocala Division. Id.; M.D. Fla. R. 1.02(b)(2). See, e.g., Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that decision to transfer case to another

court involves, among other things, consideration of "the convenience of witnesses" and whether evidentiary hearing is required, and concluding that transfer to court "already intimately familiar with [petitioner's] claims" adhered to dictates of § 2241(d)); Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001) (noting practice in federal district courts in Georgia to transfer state prisoner habeas petitions to district of conviction pursuant to § 2241(d)).

It is therefore respectfully **RECOMMENDED** that the case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Ocala Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2012.


 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

**Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv324-WS/CAS